985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leroy R. JEFFERS, Petitioner-Appellant,
v.
Richard CLARK, et al., Respondents-Appellees.
 No. 91-3256.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.[1]
Decided Feb. 2, 1993.
Rehearing Denied Feb. 24, 1993.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Leroy J. Jeffers appeals from the dismissal of his third petition for habeas corpus brought under 28 U.S.C. § 2254.
 
 
 2
 In 1983, Jeffers was convicted of dealing in narcotics and possession of narcotics with intent to deliver, and sentenced to 20 years' imprisonment. See Jeffers v. State, 485 N.E.2d 81 (Ind.1985). In May 1991, Jeffers filed his third petition for writ of habeas corpus. The district court dismissed the petition, finding an abuse of writ and failure to exhaust state remedies. Jeffers filed a timely appeal.
 
 
 3
 Succesive petitions under 28 U.S.C. § 2254 constitute an abuse of the writ if they fail to allege new or different grounds, or if the claim could have been raised in the earlier petition. See McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454 (1991); Sanders v. United States, 373 U.S. 1 (1963); 28 U.S.C. § 2254, Rule 9(b).
 
 
 4
 Jeffers raises four issues in his current petition: (1) police intimidation of Jeffers' 14-year-old son, forcing the son to make an involuntary statement implicating his father; (2) the unlawful arrest of Jeffers in his wife's apartment; (3) the ineffective assistance of trial counsel; and (4) the denial of due process because he was "a drug addict [and] was convicted under false criminal pretense." The first three issues were decided on the merits in Jeffers' prior habeas petitions and were properly dismissed as an abuse of the writ. The trial court's dismissal of the fourth claim was also proper because it would have and should have been raised in the earlier petition. See McCleskey v. Zant.
 
 
 5
 We decline to address the numerous issues petitioner raises in his brief which were not included in his habeas petition and, in any event, could have been raised in earlier proceedings. Accordingly, the order of the district court dismissing the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record